HILLIARD v. KOSTOHRYZ.    (No. 8436.)

(Court of Civil Appeals of Texas. Galveston. Feb. 5, 1924. Rehearing Denied Feb. 28, 1924.)

Appeal and error ⬅⇒1002—Jury verdict on conflicting evidence conclusive.

The appellate court cannot review verdict on conflicting evidence.

Appeal from Burleson County Court; T. J. Carter, Judge.

Action by W. M. Hilliard against Vince Kostohryz. From a judgment for defendant, plaintiff appeals. Affirmed.

A. B. Gerland, of Caldwell (W. M. Hilliard, of Caldwell, on motion for rehearing), for appellant.

Bowers & Bowers, of Caldwell, for appellee.

LANE, J. This suit was brought in the justice court of precinct No. 1 of Burleson county by appellant, W. M. Hilliard, against Vince Kostohryz, to recover the sum of $75, alleged to be the amount of damage suffered by him by reason of a breach of a contract by appellee, whereby, it is alleged, appellee sold to appellant 6,000 pounds of cotton seed for planting purposes, for which appellant agreed to pay $40 per ton.

After having alleged the contract, the plaintiff alleged its breach by the defendant, and that at the time of such breach said seed were worth $65 per ton, $25 per ton more than the contract price, and that by reason of said breach of the contract by defendant he had suffered a loss of $75.

He also alleged that the defendant by said contract agreed to keep the seed for him until plaintiff called for same; that he called to get the seed on the 3d day of April, 1922, and was then informed by defendant that he had sold them to other parties.

The defendant made oral answer in the justice court and denied generally the allegations of the plaintiff.

Upon trial in the justice court judgment was rendered for $75 for the plaintiff, and the defendant carried the case to the county court by appeal.

The defendant filed a written answer in the county court, wherein he denied generally the allegations of the plaintiff and by special plea averred that at some time in January, 1922, plaintiff asked defendant if he had any cotton seed for sale; that defendant told him that he had such seed and that he wanted $40 per ton for them; that plaintiff then told defendant that he would come and examine the seed and that if they suited him he would take some of them; that plaintiff never did come to see said seed and never did tell defendant that he would buy the seed, and that no sale was made; that he sent plaintiff word several times to come and look at the seed and get them if he wanted them, but that plaintiff never came; that defendant waited until the season for selling seed was about over and then sold the seed, on or about the 2d day of April, 1922, at $42 per ton.

The case was tried before a jury upon special issues, in answer to which they found: (1) That the plaintiff did not buy any seed from Joe Kostohryz, the son and agent of defendant, nor did defendant ratify any such alleged sale. (2) That plaintiff never purchased any seed from defendant. (3) That defendant did not send his son to plaintiff to sell him cotton seed, nor did he sell plaintiff any cotton seed.

Upon the verdict of the jury, judgment was rendered for the defendant, and from such judgment W. M. Hilliard has appealed.

We have carefully examined the record and the statement of facts, and are not prepared to say that there is no probative evidence to support the judgment. The evidence as to whether appellee sold the seed to appellant upon the terms and conditions as contended by him is conflicting, and it is well settled that this court has no authority to set aside a verdict of a jury upon conflicting evidence. While this court might have reached a different conclusion had the question been submitted to us, we still have no right to encroach upon the prerogative of the jury to pass upon the credibility of the witnesses and the weight to be given to their testimony.

For the reasons expressed, the judgment is affirmed.

Affirmed.

⬅⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes